THE HONORABLE, THE SENATE
You have requested my opinion as to the constitutionality of Assembly Bill 43 (1971), as amended by Assembly Amendment 1, which would create sec. 134.47, Stats., and provide:
"EMERGENCY PUBLIC SERVICE ANNOUNCEMENTS. Emergency public service announcements broadcast on television stations in this state shall be visually as well as verbally presented so that essential information concerning the emergency may be seen and read by the deaf." *Page 223 
Assembly Amendment 1 would require such information to be presented in written as well as oral form.
The statute would provide no specific penalty for noncompliance and, as currently numbered, would be included in the chapter devoted to miscellaneous trade regulations, which chapter has no omnibus penalty provision.
It is evident that one of the purposes of the statute would be to enable deaf persons to see in written form the message contained in any emergency public service announcements made via the television media. The proposed statute does not define "emergency public service announcements" or require that they be carried. Nor is the statute concerned with the content of the announcement in terms of censorship, but deals solely with the form of presentation.
I am of the opinion that a resulting statute would, at most, have the effect of salutary advice and could not be constitutionally enforced.
Television is interstate commerce and as such is regulated by Congress under the commerce clause of the United States Constitution.
Congress, by enactment of the Communications Act of 1934 and subsequent legislation, has substantially preempted the field of regulation where television is concerned. Only small areas are available for state and local regulation in the exercise of the police power, zoning being one area.
15 C.J.S., Commerce, § 81, 684, 685.
Kroeger v. Stahl (D.C. N.J. 1957), 148 F. Supp. 403, affirmed, C.A., 248 F.2d 121.
In Allen B. Dumont Laboratories v. Carroll, D.C. Pa. 1949,86 F. Supp. 813, affirmed, 184 F.2d 153, 155, cert. den. 71 S.Ct. 490,340 U.S. 929, 95 L.ed. 670, it was held that a state had no power of censorship over form or content of televised programs. The Court of Appeals, Third Circuit, held that the federal acts and regulations show an intention of Congress "to occupy the television broadcasting field in its entirety." *Page 224 
Subsequently the United States Supreme Court stated that there could be limited state regulation of certain nontechnical areas.
In Head v. New Mexico Board of Examiners in Optometry (N.M. 1963),83 S.Ct. 1759, 374 U.S. 424, 10 L.ed. 2d 983, state legislation proscribing price advertising of eyeglasses by any means was held applicable to radio broadcasts. The court said that, in determining whether a state's jurisdiction to regulate radio advertising has been preempted by federal law, the question must be resolved as to whether the Congress intended to make its jurisdiction exclusive, and that federal preemption of an area does not exist where national uniformity is not required. In the Head case the court found no conflicting federal regulations dealing with price advertising.
I am of the opinion that with respect to the broadcasting or televising of public emergency announcements the Congress intended to make its jurisdiction substantially exclusive, at least where the national interests are concerned.
Title 47 CFR § 73, Subpart E, relates to television broadcast stations. 47 CFR 73.670 (3) requires a log to be kept of public service announcements as defined in Note 4 at the end of that section, and the log time for this type of service is a factor which the Federal Communications Commission considers in determining whether the station shall continue to be licensed. 47 CFR 73.675 provides for operation of commercial television stations during emergencies. Such powers are generally permissive rather than mandatory. Examples listed are announcements concerning tornadoes, hurricanes, floods, heavy snows, power failures, civil disorders, information as to school closings, changes in school bus operation, and point-to-point messages in aid of rescue operations. Subparagraph (c) provides in part that modes of operation shall be confined to those specified in license documents.
47 U.S.C.A. § 606 provides that the President of the United States shall have special powers in periods of wars or national emergency. There are a number of Executive Orders now outstanding which relate to this provision and emergency preparedness functions. *Page 225 
Federal regulations 47 CFR 73.901 to 73.981 pertain to a national emergency action notification system and emergency broadcast system with detailed provisions as to manner of operation and broadcasts during periods of emergency.
Other federal regulations govern the use of radio for emergency purposes by various private and public agencies. 47 CFR Part 89.
47 CFR 73.597 provides for operation of noncommercial educational FM broadcast stations during various emergencies; 47 CFR 73.298 grants permissive authority to commercial FM radio stations; and 47 CFR 73.98 grants standard radio broadcast stations permissive operation powers during emergencies.
Under the federal warning system, nationwide hookups may be employed, the broadcast may originate in another state, the video portion of television transmission may be blacked out, and the President himself may be giving the emergency announcement live.
A state statute requiring the essential information contained in every emergency public service announcement on television stations to be visually as well as verbally presented, or to be presented in written form, would be unenforceable and void to the extent it conflicts with federal law relating to regulation of television.
RWW:RJV